## CIRCUIT COURT OF FAIRFAX COUNTY

Dameron International, Inc.

v.

National Marketing
and Export Co. et al.

January 9, 1990

Case No. (Law) 91950

By JUDGE MICHAEL P. McWEENY

This matter comes before the Court upon Defendant Bassim Farouki's Motion to Dismiss for lack of Jurisdiction or Alternatively to Demur to Dameron International's Amended Motion for Judgment. Following oral argument, the Court took the matter under advisement. For the reasons set forth below, Defendant's Demurrer is overruled; the Motion to Dismiss is denied.

Plaintiff's cause of action arises from an alleged breach of contract involving Defendant's failure to deliver certain goods and the delivery of other non-merchantable goods. Defendant Farouki asserts this Court lacks jurisdiction over him because his contacts with Dameron International and his only act within the Commonwealth were in his capacity as the agent of National Marketing and Export Co. The Court does not agree and finds personal jurisdiction over Farouki is appropriate under the Virginia long-arm statute. Va. Code § 8.01-328.1.

Defendant Farouki's argument against jurisdiction relies heavily on Plaintiff's admission that he (Farouki) acted at all times as agent and on behalf of National Marketing. The Court notes, however, that Dameron has

specifically alleged that National Marketing is not listed with any state authority registering corporations and that National Marketing has no legal existence. Accepting these facts pleaded as true, the Court views Plaintiff's claim to be that while Farouki acted as an agent, he did so for a non-existent corporate-principal. An agent assuming to contract for a principal must make the contract binding upon some principal or else he himself is liable. *See, Catlett v. Hawthorn*, 157 Va. 372, 377 (1931).

Under the Virginia long-arm statute, a "single-act" of doing business in the Commonwealth is sufficient to confer jurisdiction over that person by the Courts of this State. *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736 (1971). Where a single act causing tortious injury occurs outside the Commonwealth, jurisdiction will attach where there is a regular course of business or other persistent conduct or substantial revenue is derived from goods used or services rendered in the state. Va. Code Section 8.01-328.1(A)(1), (2), (3), (4).

Against these standards, the Court views Defendant Farouki's conduct of (1) traveling to Virginia and contracting with a Virginia corporation (Dameron International), to supply certain textile products, (2) granting Dameron International the exclusive right to market and sell the products, (3) the delivery of "substantial quantities" of the product, and (4) entering into an agreement that Dameron would broker sales in the United States on behalf of the Defendant as sufficient to confer personal jurisdiction under § 8.01-328.1(A).

With respect to Count II of the Amended Motion for Judgment, the Court finds the allegations of fraudulent activity by Farouki are adequately pleaded and not reached by Demurrer or the Motion to Dismiss.

Finally, the Court notes that in filing his Demurrer arguing only the effect of Plaintiff's admissions as to his agency relationship with National Marketing, Farouki has entered a general appearance before this Court. Accordingly, given the lapse of time since the filing of this action and the assignment of this case to the Differentiated Case Tracking Program, and a trial date of May 2, 1990, Defendant Farouki is granted fourteen days from the date of this letter to file his Answer.